1

1                    UNITED STATES DISTRICT COURT

2                         DISTRICT OF MAINE

3

4    UNITED STATES OF AMERICA      )       CRIMINAL ACTION
                                   )
5                                  )     Docket No. 03-113-P-H
                                   )
6              v.                  )
                                   )
7    JOSE DURAN,                   )
                                   )
8                    Defendant.    )

9

10                    TRANSCRIPT OF PROCEEDINGS

11        Pursuant to notice, the above-entitled matter came on

12   for Sentencing Hearing before the HON. D. BROCK HORNBY, in

13   the United States District Court, Portland, Maine, on the

14   7th day of October, 2004, at 3:27 p.m.

15

16

17

18   APPEARANCES:

19   For the Government:          Helene Kazanjian, Esq.

20   For the Defendant:           Peter Cyr, Esq.

21

22

23                    Cindy Packard, RMR
                      Official Court Reporter
24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

2

1    (At 3:27 p.m., defendant present in open court with his

2    counsel, and the following proceedings transpired.)

3           THE COURT:  Good afternoon.  This is Criminal

4    Number 03-113-P-H, United States v. Jose Duran.  The matter

5    is on this afternoon for sentencing.  Mr. Cyr, would you and

6    Mr. Duran please stand.

7        Mr. Duran, the purpose of the hearing this afternoon is

8    for me to sentence you, but before I do that, I'm going to

9    hear from the prosecutor, I'm going to hear from your

10   lawyer, I'll hear from you, if you wish to speak to me.

11       I'm going to start by asking some questions of you and

12   your lawyer because I need to be sure that you have read and

13   discussed with him the revised presentence report in this

14   matter as well as the order that I issued on August 26 after

15   I met with your lawyer and the prosecutor because

16   collectively, those documents set forth the issues

17   concerning the guideline sentencing that applies to you.

18       So first of all, Mr. Cyr, have you read and discussed

19   with Mr. Duran the revised presentence report as well as my

20   order of August 26?

21          MR. CYR:  Yes, Judge.

22          THE COURT:  Did you have enough time to do that?

23          MR. CYR:  I did.

24          THE COURT:  Mr. Duran, have you used any drugs or

25   alcohol in the last 24 hours?

3

```
 1              MR. DURAN:  No, sir.

 2              THE COURT:  Are you currently taking any

 3    medications?

 4              MR. DURAN:  Yes, I am.

 5              THE COURT:  What are you taking?  Pull the

 6    microphone toward you so I can hear you better.

 7              MR. DURAN:  I don't know the name of it, it's for

 8    depression.

 9              THE COURT:  Is it something that the jail has

10    prescribed for you?

11              MR. DURAN:  Yeah.

12              THE COURT:  Are you taking it in the prescribed

13    amount?

14              MR. DURAN:  Yeah, the way they give it to me.

15              THE COURT:  All right.  Does it prevent you from

16    understanding what's happening here this afternoon?

17              MR. DURAN:  No.

18              THE COURT:  All right.  Aside from that

19    prescription, have you used any other drugs or alcohol in

20    the last 24 hours?

21              MR. DURAN:  No, sir.

22              THE COURT:  Have you read and discussed the

23    revised presentence report with your lawyer?

24              MR. DURAN:  Yes, I have.

25              THE COURT:  Have you had enough time to do that?
```

1          MR. DURAN:  Yes, I have.

2          THE COURT:  It's my understanding from meeting

3     with the lawyers and then from a document that your lawyer

4     filed later withdrawing a couple of the issues that the

5     issues before me at this time are whether a conviction in

6     Paragraph 25 of the presentence report qualifies as a felony

7     offense, and whether the drug quantity is enough to subject

8     you to the career criminal provision, career offender

9     provision.

10         Is that your understanding as well, or Mr. Cyr, do you

11    want to clarify that?

12         MR. CYR:  One moment, Your Honor.

13         THE COURT:  Yes.

14    (Mr. Cyr and Mr. Duran confer.)

15         MR. CYR:  Judge, could you ask the question again,

16    Your Honor?

17         THE COURT:  I will.  Before I do that, perhaps it

18    would make sense for me to ask you what the remaining issues

19    are, then I'll ask your client whether he agrees.

20         MR. CYR:  Thank you, Judge.  Your Honor, we

21    have -- we'll be withdrawing the issue with respect to

22    whether the assault and battery conviction should be

23    considered a felony pursuant to the guidelines.

24         I have researched that issue, the law in Massachusetts,

25    there is the penalty -- it is a possible penalty that could

1    exceed one year.  In fact, maximum penalty is two years in

2    House of Corrections.  So we'll be withdrawing that.

3         In addition, Your Honor, we'll also be withdrawing the

4    issue with respect to quantity in that the quantity is over

5    100 grams of heroin.  I have -- this is something that

6    Mr. Duran and I have discussed, and the issue that we have

7    resolved today is whether or not the prosecution version

8    could be determined -- used by this court to determine the

9    particular amount that Mr. Duran was responsible for in the

10   context of the conspiracy.

11        In other words, we were relying on the case, United

12   States v. Colon-Solis.  And in that case, the First Circuit

13   ruled and held that even though a defendant pleads guilty to

14   a conspiracy of a particular amount or quantity of drugs,

15   that the fact of him pleading guilty alone cannot be relied

16   upon by the court to make the determination that the

17   defendant was responsible for a particular quantity.

18        And thus, the issue that we had was what does the

19   prosecution version say in this case, and whether the

20   prosecution version can be used by this court to make that

21   determination.  And this afternoon, I listened to the

22   transcript of the Rule 11 proceeding.

23             THE COURT:  What you mean you listened to the

24   recording?

25             MR. CYR:  I'm sorry, Your Honor, that's right.  I

1    listened to the recording in which it indicates that you

2    asked Mr. Duran whether he had read and understood the

3    prosecution version, he said yes.  Whether there's anything

4    in that version that he disagrees with, he says no.  And

5    whether everything in that version is true, and he said yes.

6         Based on my listening to that recording, it does not

7    appear that we can make any argument that Mr. Duran did not

8    admit to that quantity and that he was responsible for that

9    quantity in the context of the conspiracy.

10        And so based on that, I've suggested to Mr. Duran that

11   we withdraw that objection.  Of course, Your Honor, he's

12   looking at 22 years, that's a very lengthy sentence, and

13   withdrawing any objection is not an easy thing for him to

14   do.  That's what we were discussing.

15             THE COURT:  I understand that.

16             MR. CYR:  The only issue, Your Honor, that I

17   was -- that we are prepared to raise today is not one that

18   we have discussed before.  I tried to get ahold of

19   Ms. Kazanjian late last week, we were not able to connect.

20        And the issue is frankly, and basically, that the

21   guidelines don't apply because of Washington v. Blakely.

22   That is not something I had raised in the presentence

23   conference.  It is something that quite frankly came to me

24   that I could argue today on behalf of Mr. Duran.

25        It's an argument that the government has been making.

7

1    In this case the reason why it benefits Mr. Duran to make

2    that argument is because if the guidelines do not apply,

3    then he is -- he would be sentenced pursuant to the statute,

4    Title 21, Section 841, and pursuant to that statute, the

5    sentencing range would be a minimum of 10 years and a

6    maximum of life.

7        And we thus would be able to argue for a sentence of 10

8    years.  Whereas, if the guidelines apply, and given the fact

9    we've conceded that he's a career offender, the lowest

10   amount that we can argue is a sentence of -- it's a sentence

11   of essentially 21.8 years.  But it's the low end of the

12   range of a base offense level of 34, and a Criminal History

13   Category of VI.

14       So I would make that argument, Your Honor, if you would

15   allow us to.  I do understand that this court has ruled that

16   the guidelines do apply and that Washington -- that Blakely

17   v. Washington does not render the guidelines completely

18   unconstitutional and completely ineffective.

19       However, we would like to preserve that argument for

20   appeal, and depending on what the Supreme Court does with

21   that case, we -- may give us an opportunity to come back and

22   visit the sentence.

23           THE COURT:  I understand.  Mr. Duran, what your

24   lawyer has told me is that he has and you have no further

25   disagreement with the contents of the presentence report.

1    That if the guidelines apply, that the sentence that you're

2    looking at is between 262 and 327 months.

3        He wants to argue that the guidelines are

4    unconstitutional and should not apply.

5        The Supreme Court is right now considering that, they

6    had oral argument earlier this week on a case, a case that I

7    decided, a case from another part of the country.  One of

8    the arguments before the Supreme Court apparently is whether

9    the guidelines can apply in part or not at all.  And I have

10   no idea what decision they'll render.

11       But basically, he's saying the facts in the presentence

12   report are undisputed.  Do you agree?

13           MR. CYR:  Judge, if I could just clarify that.

14           THE COURT:  Yes.

15           MR. CYR:  The facts in the presentence report are

16   undisputed to the extent the quantity is over 100.

17           THE COURT:  All right.

18           MR. CYR:  But nothing beyond that.

19           THE COURT:  I appreciate that.  That's an

20   appropriate clarification.  He's telling me that the facts

21   in the presentence report are undisputed, that the drug

22   quantity is over 100 grams, and that you are a career

23   offender under the definitions of the guidelines.

24       Do you agree?

25           MR. DURAN:  Yes.

1            THE COURT:  All right.  Now I have to ask you

2     also, Mr. Duran, about the prior convictions that are

3     alleged in the information the government filed.  Mr. Cyr,

4     have you talked with your client about that?

5            MR. CYR:  I have, Judge.

6            THE COURT:  I have to ask him if he affirms or

7     denies that he was previously convicted as charged in the

8     information that was filed.  Do you have that in front of

9     you so he can look at it as we talk about it?

10           MR. CYR:  Yes, Judge.

11           THE COURT:  I draw your attention then, Mr. Duran,

12    to the information charging prior convictions that was filed

13    on February 5 of this year.

14       Do you affirm or deny that you were previously

15    convicted as is alleged there with respect to those two

16    convictions that are set forth?

17    (Mr. Cyr and Mr. Duran confer.)

18           THE COURT:  Do you agree or deny that you were

19    convicted as they say?

20           MR. DURAN:  Yeah.

21           THE COURT:  You agree.  I must inform you that any

22    challenge to those two convictions cannot be raised later.

23    You understand that?

24    (Mr. Cyr and Mr. Duran confer.)

25           MR. CYR:  Judge, just to qualify that, it's our

1    understanding that they cannot be challenged in this court.

2            THE COURT:  That's correct, I'm talking only about

3    this court.  They cannot be challenged here, in terms of

4    their effect on your sentence here, do you understand that?

5            MR. DURAN:  Yes, sir.

6            THE COURT:  All right.  Thank you, then you can be

7    seated.  I'll hear from the lawyers.  I'll hear from the

8    prosecutor first.  Ms. Kazanjian.

9            MS. KAZANJIAN:  Yes, Your Honor.  I have certified

10   copies of the convictions in Paragraphs 22, 27, and 25.

11   Paragraphs 22 and 25 -- excuse me, 22 and 27 are the drug

12   trafficking convictions.

13       I believe in the presentence report I mentioned at the

14   presentence conference that Paragraph 22 indicates it was

15   only a possession when in fact it is possession with intent

16   to distribute as is set forth in the information.  I'd like

17   to just offer those exhibits, those three exhibits to the

18   court for purposes of completing the record.

19           THE COURT:  All right.  Let me just clarify what

20   you just said, you're saying that the information charge

21   which also happens to be Paragraph 22 in fact was a

22   trafficking, not a mere possession charge.

23           MS. KAZANJIAN:  Correct.

24           THE COURT:  I understand.  So that the presentence

25   report is inaccurate in reflecting possession; is that

1    right?

2              MS. KAZANJIAN:  Correct, but the 851 notice is

3    accurate.  I'd like to offer those as Government's Exhibits

4    1, 2, and 3.  Government's Exhibit 1 is the criminal

5    conviction in Paragraph 22 of the presentence report with

6    the modification just described.

7         Government's Exhibit 2 is the assault and battery

8    conviction, certified court documents relating to the

9    assault and battery conviction.  In that instance, I have

10   included a charging instrument which reflects that the

11   defendant was charged with assaulting and beating an

12   individual, which is the -- confirms that it is a violent

13   felony and a predicate for career offender, and I believe

14   the defense has conceded that.

15             THE COURT:  So 2 is Paragraph 25?

16             MS. KAZANJIAN:  That's correct, Your Honor.

17             THE COURT:  Go ahead.

18             MS. KAZANJIAN:  And Government's Exhibit 3 is

19   Paragraph 27.

20             THE COURT:  Any objection to those exhibits?

21             MR. CYR:  No objection.

22             THE COURT:  They're admitted without objection.

23             MS. KAZANJIAN:  On the Blakely issue raised by the

24   defense today, I'd just like to briefly respond to that.  In

25   this particular instance, obviously the government preserves

1   its argument it's made in other cases which is that the case

2   of Blakely v. Washington does not apply to the federal

3   sentencing guidelines.  As the court has indicated the

4   Supreme Court is considering that issue.

5          THE COURT:  Just a moment.  Blakely as you

6   interpret it won't have any effect on this sentence anyway,

7   will it?

8          MS. KAZANJIAN:  That's my second point.  That in

9   this particular instance, even if the court were to apply

10  Blakely to the federal sentencing guidelines, it would not

11  have any impact on this particular case because it does not

12  affect any of the fact finding, any of the finding of the

13  facts that are relevant to imposing sentence under the

14  federal sentencing guidelines.

15         Under that case, the government does not ask that the

16  court throw out the sentencing guidelines, that's only where

17  the government has made that argument where the court is in

18  a position where it is not applying certain provisions of

19  the guidelines and applying other provisions of the

20  guidelines, and we believe the guidelines have to be applied

21  as a whole.

22         In this case the guidelines can be applied as a whole,

23  therefore, there is no need to throw out the sentencing

24  guidelines.  And we would ask the court apply them as set

25  forth in the presentence report.  The defendant is a career

1    offender, that his base offense level should be 37.  And

2    that there should be three points reduction for acceptance

3    of responsibility resulting in a base offense level of 34.

4         And then we would ask that the court make those

5    findings and that the court impose a sentence at the low end

6    of the sentencing guidelines that is applicable to the level

7    34, Criminal History VI.

8              THE COURT:  Thank you, Ms. Kazanjian.  Mr. Cyr,

9    for the defendant.

10             MR. CYR:  Your Honor, the sentence that we are

11   asking that this court to impose, clearly we don't think

12   that even at a level 34, and a Criminal History Category of

13   VI, the low end of that range is 262 months.  That is in

14   terms of years, that's 21.8 years.  That's a lot of time to

15   sentence an individual to.

16        And in fact, it's Mr. Duran -- it's going to be the

17   bulk of the years of his life.  He's around 30 years old

18   now, he's going to be an older man when he gets out of jail.

19        It's a sentence that I personally given the conduct

20   that he has admitted to and even his criminal history, Your

21   Honor, I feel personally is excessive.  It's a lot of time

22   to take someone's liberty away, it's a lot of time.  It's

23   essentially a life sentence for Mr. Duran.

24        He's going to lose the opportunity to be with his

25   family who is here.  He's going to lose the opportunity to

1   raise his children.  It's a very heavy sentence, it's

2   severe, very severe in and of itself.

3       So the bottom line is that the most that this court

4   should impose is the bare minimum of that range, the 262

5   months.  There's no need for any more than that.

6       The reason I raise the Blakely issue is because it

7   does -- if the Supreme Court does say that the guidelines

8   are unconstitutional in their entirety and that they can't

9   be applied, then what this court would need to do would be

10   to go to the statute, the old statute, and then go back to

11   its old ways of dishing out and handing out sentences.

12       And in that case, there would be a range of 10 years to

13   life.  And that's a huge range.  However, at least in that

14   case, we could make an argument that 10 years probably would

15   not be -- would not be enough given the fact that's the

16   minimum in that he has obviously one conviction and it's a

17   particular quantity.  Maybe if he just had that one

18   conviction, and it was just that quantity, then the 10 years

19   would be sufficient.

20       However, we know that Mr. Duran has a couple of

21   additional convictions, so it might not be appropriate to

22   impose a sentence under that regime of perhaps 12 years,

23   which is still a lot of time to keep Mr. Duran off the

24   streets, to punish him for his conduct, and to convince him

25   through that, the harsh means that we've devised as far as

1    incarceration that his conduct is inappropriate, and he

2    shouldn't be out there committing these crimes any more.

3         So in a sense what I'm suggesting to the court, and

4    although I realize that it doesn't have much bearing given

5    the fact that the court is -- most likely ruled the

6    guidelines do apply, that a better sentence in this case

7    would probably be much closer to the range of 12 years,

8    would satisfy all of the prerequisites through the statute,

9    would do what it would need to do.  22 years is -- simply is

10   just too much.

11        As I've indicated, Your Honor, or I haven't indicated

12   this yet, but part of what's going on here in this case is

13   that Mr. Duran was using heroin, addicted to heroin, and I'm

14   sure, I know you've heard this before, and I've worked with

15   people who have this addiction, it's a severe addiction.

16        And he had it, it's in the presentence report.  He had

17   a drug problem, he's had a drug problem for a long time.  He

18   has attempted, and he has gone to some rehabilitation

19   programs.  He's tried to kick the habit, he's gone back to

20   the habit.

21        During the time of this conspiracy, he was in the

22   process of trying to kick the habit, continuing on.  He had

23   a slip, he started using again, and he reverted back to his

24   old means of well, how do I supply this habit, I can sell

25   the drugs to get a little extra money to supply my own

1    habit.

2        It's a sad state of affairs, Judge, it's very sad.

3    It's a bad drug, it messes up a lot of people's lives.  And

4    it's just hard to swallow when someone gets sentenced to 22

5    years for selling those drugs.  It just is.

6        I don't know quite what else to tell this court other

7    than his family is here to support him.  They're going to

8    miss him.  He's -- clearly did not expect the 22 year

9    sentence when he was committing this conduct.

10       Of course the federal statute and the guidelines are a

11   lot harsher than a lot of other state sentencing regimes,

12   and a lot of times, I would make the argument that if

13   Mr. Duran had known that he'd be going to jail for 22 years

14   for doing what he was doing, maybe that would -- that would

15   have stopped him.  I don't know.

16       I would hope that it is true that if other people learn

17   of this sentence that they may say, jeez, he was doing what

18   I'm doing, he got 22 years, maybe I should stop.  That is

19   the purpose, one of the purposes of handing out a sentence

20   such as this to inform other people that they need to stop

21   their conduct.

22       I'm not quite sure it exactly works that way.  I would

23   hope it does.  It didn't work that way for Mr. Duran.  The

24   sentences vary.  Massachusetts, you can get picked up for

25   selling heroin, you can get a sentence like he did in one of

1   his prior convictions of five years.  And most of it is

2   suspended and probation.

3       I'm not quite sure where I'm going with that, Judge,

4   just -- and I don't want to burden the court's time, but

5   then again, I do want to emphasize the length of this

6   sentence is very long.

7       Mr. Duran has pleaded guilty to this offense, he's

8   taken responsibility for this offense.  It wasn't an easy

9   thing to do at all, but he's done that.  And I would just

10  ask that you sentence him to the lowest amount of time

11  possible pursuant to the guidelines, if in fact you

12  determine that the guidelines do apply in this case.

13      If you determine the guidelines don't apply, given the

14  decision in Blakely v. Washington, then I would ask for a

15  sentence of 12 years.  Thank you, Judge.

16          THE COURT:  Thank you, Mr. Cyr.  Mr. Duran, as a

17  defendant before me for sentencing, you have the right to

18  speak to me yourself, you can tell me anything you want me

19  to know, especially anything that would lead me to be

20  lenient with you.  I invite you to do that.  Pull the

21  microphone toward you so I can hear you well.

22          MR. DURAN:  Your Honor, I'm sorry if I caused any

23  inconvenience in the state of Maine, for, you know, doing my

24  wrongdoings, I apologize.

25      And I'll ask you for consideration, you know, I have a

1   family.  I didn't grow up in the wrong neighborhood, you

2   know, it wasn't meant, you know, for me to grow up doing

3   what I've done, you know what I mean.  My family, they

4   raised me up right, just I chose the wrong path.  Just, you

5   know, I just apologize for causing any inconvenience.

6   That's all I can say.

7           THE COURT:  Thank you, Mr. Duran.  Anything

8   further, Mr. Cyr?

9           MR. CYR:  Judge, we would ask that you recommend

10  the 500 hour program, that would certainly be a benefit to

11  Mr. Duran.

12          THE COURT:  Anything further, Ms. Kazanjian?

13          MS. KAZANJIAN:  Nothing.

14          THE COURT:  Thank you.  I've previously read the

15  revised presentence report.  I've read all of the documents

16  that have been filed in this matter.  And now that I've

17  heard from the lawyers and heard from Mr. Duran himself, I

18  will make my findings of fact and conclusions of law and

19  impose sentence.

20      I find the facts as set out in the revised presentence

21  report with these amendments.  I find that the drug quantity

22  exceeded 100 grams of heroin.  It's not necessary for me to

23  determine by how much it exceeded that because that

24  establishes the relevant base offense level and also the

25  statutory application.

1     And in light of the prosecution version and the

2     defendant's statements to me at the Rule 11 hearing, and his

3     pleading guilty to the indictment, I find that the standards

4     of Blakely are satisfied for that quantity in excess of

5     100 grams without specifying how much in excess.

6         The base offense level therefore would be 26 on that

7     basis, but the defendant has been convicted of two previous

8     felonies, one involving trafficking of a controlled

9     substance, one involving assault and battery.  When I use

10    the term felonies, I mean within the meaning of federal

11    guidelines.

12        And since this offense involves conspiracy to

13    distribute and possess with intent to distribute heroin, and

14    he was more than 18 at the time he committed it, he is a

15    career offender within the meaning of Guideline 4B1.1.  And

16    therefore, the base offense level is 37.

17        He has accepted responsibility, and so I give him a

18    three level reduction for acceptance of responsibility to a

19    total offense level of 34.

20        Because he is a career offender, the criminal history

21    is the highest category, Category VI, and that means that

22    the guideline sentencing range is 262 to 327 months.

23        The period of supervised release is eight years.

24        I find that he does not have the ability to pay any

25    fines.

1          And those are my guideline findings.  Are there any

2     errors or omissions from the government?

3               MS. KAZANJIAN:  No, Your Honor.

4               THE COURT:  From the defense?

5               MR. CYR:  No, Judge.

6               THE COURT:  Let me address the Blakely issue.  It

7     is true that the Supreme Court of the United States in June

8     decided a case that has had a dramatic effect on sentencing

9     and had a confusing effect such that the Federal Judges are

10    quite uncertain as to what parts of the guidelines can

11    continue to be affected or what parts cannot.

12         I decided a sentence soon after Blakely in this court

13    that was appealed to the United States Supreme Court, and it

14    is now considering that case along with another case from

15    the Seventh Circuit.  And we hope that we will have a

16    decision soon in terms of the status of the guidelines.

17         The active Judges of this District since Blakely have

18    been applying the guidelines as follows, that where the

19    underlying factors are stipulated, that there can be

20    enhancements in the guidelines.  That where they are not

21    stipulated, that indeed, they either must go to the jury for

22    determination beyond a reasonable doubt as part of the trial

23    or else those enhancements cannot be taken into account, but

24    that there's no prohibition in dealing with things like

25    reductions such as for acceptance of responsibility as I

1      just applied here.

2          We have not thrown the guidelines out altogether.

3      Mr. Cyr is right to raise that argument here, to preserve it

4      because there's no indication at this point what the Supreme

5      Court ultimately will do.

6          It may well be that they will declare the guidelines

7      unconstitutional in their entirety and leave some greater

8      leeway or they may not.  So the issue is preserved, but I do

9      not at this point find the guidelines to be

10     unconstitutional.  Instead, I find that they can apply here

11     consistently with Blakely, and that I do therefore so apply

12     them.

13         Mr. Duran, I'm going to sentence you to the bottom of

14     the range.  It doesn't give me any pleasure to impose a

15     sentence of 262 months on a 30-year-old man.  That's a long

16     time by anybody's calculation.  It's something that you have

17     brought upon yourself by your past criminal conduct.  I

18     don't say that to berate you, simply is the fact that this

19     is the law that Congress has imposed because of the scourge

20     of drugs like heroin and other drugs.

21         Nevertheless, it is a huge sentence that I know is

22     something that you probably can't deal with or comprehend at

23     the moment, and that will be -- it's a great tragedy for you

24     and for your family.  I will recommend the drug treatment

25     program.

1    I urge you once you get over the emotional reaction of

2    today to take advantage of any prison programs that are

3    available because as you're in there, life is going to go

4    on, it's going to change.  And you need to take advantage of

5    every educational and drug treatment program you can because

6    at some point you will come back out, and I don't think you

7    want to turn around and go back in again.  So I urge you to

8    take advantage of every program that the Bureau of Prisons

9    has to offer.

10    At this time, the defendant will stand for sentencing.

11    The defendant is hereby committed to the custody of the

12    United States Bureau of Prisons to be imprisoned for a total

13    term of 262 months.

14    I recommend him for the intensive 500 hour drug

15    treatment program.

16    He will be remanded to the custody of the United States

17    Marshal.

18    Upon his release from prison, he shall be on supervised

19    release for a term of eight years.

20    He shall report to the probation office in the district

21    to which he is released within 72 hours of release.

22    He shall not commit another federal, state, or local

23    crime.

24    He shall not illegally possess a controlled substance.

25    He shall not unlawfully use a controlled substance.

1    He shall submit to one drug test within 15 days of his

2    release from prison, and at least two, but not more than 70

3    drug tests per year thereafter as directed by the officer.

4    He shall comply with the standard conditions adopted by

5    this court and the following additional conditions.

6    1.  He shall not use or possess any controlled

7    substance or intoxicant including alcohol and shall

8    participate in a program of drug and alcohol abuse therapy

9    to the satisfaction of the supervising officer.

10    This shall include testing to determine if he's used

11    drugs or intoxicants.  He shall submit to one test within 15

12    days of release and at least two more tests during

13    supervision, but no more than 70 per year as directed by the

14    officer.  He shall pay or copay for services during such

15    treatment to the officer's satisfaction.

16    He shall not obstruct or attempt to obstruct or tamper

17    in any fashion with the efficacy and accuracy of any testing

18    for drugs or intoxicants.

19    Criminal monetary penalties are the special assessment

20    of $100.

21    I find that he does not have the ability to pay any

22    fine.  I therefore waive the fines except for the special

23    assessment.

24    Special assessment is due and payable in full

25    immediately.

1        Now Mr. Duran, you have the right to appeal the

2    sentence that I just imposed.  In order to do that, you have

3    to file with the clerk of this court within 10 days from

4    today a written notice of appeal.  If you fail to do that,

5    you will lose your right of appeal.

6        If you want to appeal your sentence and cannot get your

7    lawyer to file that notice, you can ask for the clerk of

8    court to file the notice for you, and the clerk will do it,

9    but it has to be within the 10 days.

10        If you like, you can ask right now out loud here in the

11    courtroom for the clerk to file that notice, and the clerk

12    will do it.

13            MR. DURAN:  Yes.

14            THE COURT:  The clerk will file the notice.  If

15    you cannot afford to prepay the costs of taking the appeal,

16    you can ask permission to proceed without prepaying costs,

17    and if you qualify financially, you'll be permitted to do

18    that.

19        Do you understand all that I've told you?

20            MR. DURAN:  Yes, I do, Your Honor.

21            THE COURT:  Anything further at this time from the

22    government, Ms. Kazanjian?

23            MS. KAZANJIAN:  No, Your Honor.

24            THE COURT:  From the defense, Mr. Cyr?

25            MR. CYR:  No, Your Honor.

1     (Mr. Cyr and Mr. Duran confer.)

2               MR. CYR:  Judge, to the extent that you have the

3     authority, I'm not sure you have with respect to -- respect

4     to recommending where a particular person is placed in the

5     Bureau of Prisons, Mr. Duran is requesting that you

6     recommend he be placed at Fort Devens.  I don't have any

7     information as far as whether that would be a facility that

8     would be appropriate for Mr. Duran, but he is making that

9     request because of the proximity to his family.

10              THE COURT:  His family is in Massachusetts?

11              MR. CYR:  It is, Judge, yes.

12              THE COURT:  Mr. Duran, what I can do is I will

13    point out to the Bureau of Prisons that your family is in

14    Massachusetts and recommend that you be assigned to an

15    institution where they can visit you.

16         Now whether that will be Devens or somewhere nearby, I

17    can't say because the Bureau of Prisons takes into account

18    security classification that they assign to you, where they

19    have room, the various programs that are available, but I do

20    put in the judgment that will issue that your family is in

21    Massachusetts, and I recommend that you be assigned to an

22    institution nearby where they can visit you.

23         Anything further?

24              MR. CYR:  No, Judge.

25              THE COURT:  All right.  Good luck to you,

1    Mr. Duran.   Something else?

2            MR. CYR:  He does -- he would like an opportunity

3    to speak to his family.

4            THE COURT:  Well, that's up to the Marshal's

5    Office.  He's in the security of the Marshal's Office in

6    terms of how that takes place.  Anything further?

7            MR. CYR:  No, Judge.

8            THE COURT:  Thank you.  The court will stand in

9    recess.

10   (At 4:05 p.m., the foregoing proceedings were concluded.)

11                      CERTIFICATE

12

13      I hereby certify that the foregoing is a true and

14   correct transcript of my stenographic notes of the

15   proceedings held in the above-entitled matter.

16      Dated this 12th day of January, 2005.

17
                         /s/ Cindy Packard
18                       Official Court Reporter

19

20

21

22

23

24

25