**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-113-P-H |
| ) | |
| JOSE DURAN ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

NOW COMES the United States of America, by and through its attorneys, Paula D. Silsby, United States Attorney for the District of Maine, and Hélène Kazanjian, Assistant United States Attorney and respectfully submits this sentencing memorandum.

I.   BACKGROUND

Jose Duran was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 5, 2004, the Government filed an Information Charging Prior Convictions pursuant to 21 U.S.C. § 851. The Information alleged that Duran had previously been convicted of two drug offenses. First, on July 22, 1999, he was convicted in the Superior Court of Salem, Massachusetts on Docket No. ESC1997-00521 of trafficking in cocaine and possession of a Class A substance with intent to distribute. Second, on about February 17, 1994, Duran was convicted in the Lawrence, Massachusetts District Court on Docket No. 9318CR6189 of possession of a Class D substance with intent to distribute.

On April 14, 2004, Duran pled guilty to the indictment and was sentenced on October 7, 2004. Because he had two prior felony convictions for trafficking of a controlled substance and another prior conviction for assault and battery, was over 18 when the instant offense was committed, and the instant offense was a drug offense, he was a Career Offender. Within the Career Offender range, the Court sentenced Duran to the minimum term of 262 months.

Duran appealed his conviction and sentence to the First Circuit Court of Appeals. The First Circuit affirmed the conviction and vacated the sentence, remanding the case for resentencing in light of <u>Booker</u>. The Court has asked the parties to brief the issue of how it should define the term "felony" as used in 28 U.S.C. § 994(h) and whether a Booker deviation is appropriate where the defendant's predicate offenses may not have constituted "felonies" within the meaning of the career offender guidelines in other jurisdictions.

II.     DISCUSSION

Guideline Section 4B1.1(a) reads as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, <u>Guidelines Manual</u>, § 4B1.1(a) (Nov. 2004). If a defendant fits those three criteria, U.S.S.G. § 4B1.1(b) provides that his otherwise applicable offense level is replaced by an offense level that is geared to the statutory maximum he faced. Guideline Section 4B1.1(b) also provides that "[a] career offender's criminal history category in every case under this subsection shall be Category VI." This Guideline implements 28 U.S.C. § 994(h), which mandates sentences "at or near the maximum term authorized" for adult offenders who commit their third felony drug or violent crime. <u>See</u> <u>United States v. LaBonte</u>, 520 U.S. 751, 752-754 (1997).

In this case, there is no question that the defendant qualifies under the guidelines as a career offender. Not only were two qualifying predicates specifically pled in the enhancing

2

Information[1] filed pursuant to 21 U.S.C. § 851, but certified copies of the convictions were offered at sentencing. At sentencing, moreover, Duran specifically withdrew his previous objection to the predicate convictions and, after repeated explanations by the Court as to the consequences, said he admitted to those convictions and knew that he would not be able to challenge their use at a later date.

> Title 28, United States Code, Section 994(h) reads as follows:
>
> The [Sentencing] Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and -
>     (1) has been convicted of a felony that is -
>         (A) a crime of violence; or
>         (B) an offense described in . . . the Controlled Substances Act (21 U.S.C. 841). . .
>     (2) has previously been convicted of two or more prior felonies, each of which is -
>         (A) a crime of violence; or
>         (B) an offense described in ... the Controlled Substances Act (841) . . . .

Thus, a sentence "at or near the maximum" term of life is independently justified by a separate statutory authorization that remains intact even after Booker transformed the mandatory Guideline scheme into one that is now advisory. Section 994 does not contain a definition for what constitutes a "felony" offense. The defendant contends that if the court treats him as a career offender by virtue of his prior convictions for assault and battery and possession with intent to distribute marijuana, then it will create sentencing disparity because such offenses are not felonies in every state jurisdiction. Specifically, he claims that they are not convictions under Maine state law.

---

[1] Although the PSI represented that the conviction described in ¶25 was for simple possession of a controlled substance, at sentencing the Government established by documentary proof that it was instead a trafficking offense.

This argument is not supported by the law, nor has the defense presented any examples of defendants who have received more lenient sentences despite similar criminal histories. As a preliminary matter, it is not possible for the sentencing court to conduct an analysis of whether certain conduct would constitute a felony if that conduct had occurred and been prosecuted in another jurisdiction by merely looking at the statutory schemes. To accurately make that determination, the sentencing court would have to look at the conduct that led to the conviction and have an understanding of the charging practices of each particular jurisdiction. To do that, the court would essentially have to retry to the underlying predicate offenses. That process would run afoul of the clear case law forbidding the Court to look past the statutory schemes and the charging instruments. See United States v. Santos, 363 F.3d 19, 22 (1st Cir. 2004).

The law is not as simple as defense counsel asserts. Conduct constituting assault is treated by states as both felonies and misdemeanors and there are many different statutory schemes. For example, Maine has statutes for assault, aggravated assault, elevated aggravated assault, and elevated aggravated assault on a pregnant person. 17-A M.R.S.A. § 207-208A-C. Assault by itself is a misdemeanor and if a weapon was used can be charged as a felony. See 17-A M.R.S.A. § 1252. The New York State criminal statutes provide for gradations of assault, each of which carries a different penalty. See N.Y.Penal Law § 120. First and Second Degree assault in New York are felonies. Id. Massachusetts has an assault and battery statute, which provides for a 2 ½ year prison sentence. Mass.Gen.L. Ch. 265, §13A.

There is no disparity created by treating Duran's prior assault and battery conviction as a felony within the meaning of § 944(h). The First Circuit has consistently held that a Massachusetts conviction for assault and battery is a felony within the meaning of guideline §

4B1.1.(a) and defendants have received career offender sentences as a result.  See United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005); Santos, 363 F.3d at 23; United States v. Mangos, 134 F.3d 460, 463-464 (1st Cir. 1998); United States v. Fernandez, 121 F.3d 777, 779 -780 (1st Cir. 1997); United States v. Santiago, 83 F.3d 20, 27 (1st Cir. 1996).  Assault convictions have constituted career offender predicates in other jurisdictions as well.  See e.g., United States v. Riddle, 2006 WL 1791337 (4th Cir. 2006); United States v. Clark, 55 Fed.Appx. 678, 679 (4th Cir. 2003); United States v. Faison, 20 Fed.Appx. 141, 142 (4th Cir. 2001).

　　　　Likewise, the defendant's conviction for possession with intent to distribute marijuana should be treated as a felony within the meaning of 28 U.S.C. § 994(h) and treating it as such would not lead to sentencing disparity.   Possession with intent to distribute marijuana is punishable by 2 ½ years in prison under Massachusetts law, Mass. Gen. L. Ch. 94C, § 32C.  It is considered a felony within the meaning of the guidelines and the crime of possession with intent to distribute marijuana is a felony when charged federally.  21 U.S.C. § 841(a).   Moreover, federal defendants have routinely been sentenced as career offenders based on prior marijuana related convictions.  See e.g., United States v. Sandoval-Venegas, 292 F.3d 1101, 1106-1107 (9th Cir. 2002); United States v. Williams, 272 F.3d 845, 865 (7th Cir. 2002); United States v. Flennory, 23 Fed.Appx. 702, 702-203 (9th Cir. 2001); United States v. Esparza-Plascencia, 73 F.3d 364 (7th Cir. 1996).

　　　　In sum, the Government opposes a Booker deviation based on the theory that Jose Duran might have been convicted of a misdemeanor had he been convicted in a state other than Massachusetts.  That argument is entirely speculative.  The defendant has not established that the conduct underlying his assault and battery conviction would not have risen to the level of a

5

felony assault in other jurisdictions or that his possession with intent to distribute marijuana conviction would not be a felony offense in other jurisdictions.  Nor should the Court engage in such a fact-specific analysis of the underlying convictions to make that determination.  That analysis cannot be done with the kind of accuracy or precision required to assure consistency in sentencing, which is ultimately the court's concern.

The fact remains that Jose Duran was convicted of an assault-related offense in Massachusetts that provides for a maximum penalty of 2 ½ years in prison.  Furthermore, he was convicted of a marijuana trafficking offense that is considered a felony under federal law, carries a maximum penalty of 2 ½ years under Massachusetts law, and is a felony in other states.  The defendant has not provided any evidence that other individuals have been treated differently.  On the contrary, the case law is replete with examples of defendants that have received career offender guideline sentences with similar criminal histories.  To sentence Duran below the career offender guideline would create the disparity that the Court seeks to avoid.

Dated at Portland, Maine this 21st July, 2006.

                Paula D. Silsby
                United States Attorney

                /s/Hélène Kazanjian
                Assistant United States Attorney
                United States Attorney's Office
                100 Middle Street
                Portland, Maine 04101
                (207) 780-3257
                helene.kazanjian@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 21, 2006, I electronically filed Government's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Thomas S. Marjerison, Esq.
    NORMAN, HANSON & DETROY
    415 CONGRESS STREET
    P. O. BOX 4600 DTS
    PORTLAND, ME 04112
    (207) 774-7000
    tmarjerison@nhdlaw.com


      Paula D. Silsby
      United States Attorney

      /s/ Hélène Kazanjian
      Assistant United States Attorney
      United States Attorney's Office
      100 Middle Street
      Portland, Maine 04101
      (207) 780-3257
      helene.kazanjian@usdoj.gov