UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 03-113-P-H |
| | ) | |
| JOSE DURAN | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM OF LAW
ON SENTENCING ISSUES**

This case is before the Court following remand from the United States Court of Appeals for the First Circuit for sentencing consistent with the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Duran*, No. 04-2450 (1st Cir. 2006) (per curiam). At the sentencing hearing on June 27, 2006, the Court requested that counsel submit briefs on the legal issues concerning the interplay between the applicable provisions of the United States Code and the federal sentencing guidelines.

The facts relevant to the remaining sentencing issues are largely undisputed. The Defendant is alleged to be a career criminal offender based on his prior convictions in the Commonwealth of Massachusetts for Trafficking a Controlled Substance[1] and Assault-and-Battery.[2] *Pre-Sentence Report* at ¶¶19, 25 & 27 [*hereinafter* "*PSI* at ¶__"].

---

[1] There is no dispute that this conviction constitutes a predicate offense. *PSI* at ¶ 27.
[2] In the presentence report, the Trafficking a Controlled Substance, and Assault-and-Battery convictions were alleged to be the predicate offenses for the Defendant's career offender status. *PSI* at ¶¶ 19, 25 & 27. In ¶22 of the presentence report, the Defendant was alleged to have a prior conviction for possession of marijuana, which was unobjected to by the Government. *See* Fed.R.Crim.P. 32(f). Prior to imposition of sentence, the Government

With respect to the Assault-and-Battery conviction, there is no dispute that:

- On June 20, 1995, the Defendant pleaded guilty to Assault-and-Battery in Lawrence District Court, and received a sentence of 1 year incarceration, all suspended. *PSI* at ¶25.

- Under Massachusetts law, the Assault-and-Battery conviction is a misdemeanor punishable by up to 2.5 years in the county house of corrections. Mass.Gen.L. Ch. 265, §13A.

The legal issues presented to this Court are:

- Whether the United States Code defines the term "felony" to make any sentencing disparity irrelevant?

- Does the adoption of the sentencing guidelines definition create a sentencing disparity that supports a departure from the advisory criminal offender guidelines?

**I.    The Defendant's conviction for Assault-and-Battery does not fall within the definition of "felony" in Title 21 of the United States Code.**

In this case, the Defendant pleaded guilty to a violation of 21 U.S.C. § 841(a)(1) (Drug Abuse Prevention and Control Act). As used in subchapter I of the Drug Abuse Prevention and Control Act, 21 U.S.C. § 802(13) provides:

> The term "felony" means any Federal or State offense classified by applicable Federal or State law as a felony.

The definition of felony in Title 21 is clear and unambiguous. In determining whether a state conviction is a felony under § 802(13), the court must look to whether the state characterizes the offense as a misdemeanor or a felony. *See United States v. Gomez-Ortiz*, 62 F.Supp.2d 508, 510 (D.R.I. 1999).

---

alleged that the Defendant's Possession of Marijuana conviction was actually a conviction for Possession with Intent to Distribute Marijuana. The Court did not make any finding with respect to that conviction and did not specifically find that the conviction was a predicate offense.

There is no dispute that the Defendant's conviction for assault-and-battery does not constitute a felony under this definition.[3]  Accordingly, the conflict between the statutory definition of "felony" and the sentencing guidelines definition of "felony" creates a potential for sentencing disparity that may be considered by the Court.

**II.     The advisory sentencing guidelines and the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) permit the Court to depart from the career offender guidelines due to the unusual statutory scheme in the Commonwealth of Massachusetts.**

At the prior sentencing hearing, the Court noted that it was carefully considering the provisions of 28 U.S.C. § 994(h) in determining to what extent it may impose a lower sentence.  Section 994(h) provides in relevant part:

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of categories of defendants in which the defendant is eighteen years old or older and—
> * * * * *
> (2) has previously been convicted of two or more prior felonies, each of which is—
>
> (A) a crime of violence.

In separate subsections of § 994, the term "felony" is frequently used.  *See, e.g.,* 28 U.S.C. § 994(i)(1), (4) & (5).  However, the section does not provide a definition for the term "felony."  The most relevant statutory definition is contained in 21 U.S.C. § 802(13).

The expression of the intent of Congress contained in § 994(h) is an instruction to the Commission on producing guidelines and not a rigid rule for this Court.  As the First

---

[3] Even if the Court to reconsider the issue, the Defendant's misdemeanor conviction for possession with intent to distribute marijuana carries a potential sentence of 2 years in the county house of corrections, and does not constitute a felony under 21 U.S.C. §802(13).  Mass.Gen.L. Ch. 94C, § 32C(a).

Circuit noted in *United States v. Perez*, 160 F.3d 87, 90 n.5 (1st Cir. 1998) (per curium)(en banc):

> There is a difference between an instruction to the Commission that it produce Guidelines which specify certain terms of imprisonment and an instruction that the application of the Guidelines may never produce any other sentence, regardless of whether a case is atypical and falls outside the heartland. Congress chose the former, not the latter.

Section 4B1.1 is the Sentencing Commission's implementation of 28 U.S.C. 994(h). Although § 4B1.1 provides that a career offender's criminal history category shall be Category VI, the First Circuit held in *United States v. Lindia*, 82 F.3d 1154, 1164-65 (1st Cir. 1996) that the sentencing court may depart from the career offender guidelines, pursuant to § 4A1.3, if the defendant's criminal history is over-represented.

Furthermore, the Commentary to § 4A1.1 specifically notes that a court may depart for over-representation of criminal history due to the jurisdictional variations in the federal and state systems. The background commentary to § 4A1.1 states:

> *Background*: Prior convictions may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal and military courts. There are jurisdictional variations in offense definitions, sentencing structures, and manner of sentence pronouncement. To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure, however, § 4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances.

Accordingly, there is no dispute that the Court may depart under the terms of the advisory guidelines when a state law misdemeanor conviction is treated as a felony under the definition found in the sentencing guidelines. The disparity posed by the

characterization of state misdemeanor as a felony is exemplified by the differing treatment that the defendant would have received if he was convicted of misdemeanor assault in another state.

The Massachusetts assault statute is a vestige of that Commonwealth's common law crimes. In contrast to states, such as Maine, which adopted an integrated criminal code, and abolished common law crimes, Massachusetts has not undertaken such a task. Instead, Massachusetts merely codified penalties for the common law crime of assault and battery in 1943. In *Commonwealth v. Slaney*, 185 N.E.2d 919, 922 (Mass. 1962), the Massachusetts Supreme Judicial Court noted:

> With respect to the crime of assault, as is frequently the case in our statutes relating to common law crimes, the Legislature has prescribed the penalty for the crime but has not defined the crime itself. G.L. c. 265, § 13A. For the definition of the crime of assault, resort must be had to the common law. *Commonwealth v. Webster*, 5 Cush. 295, 303.

In the previously filed Defendant's Sentencing Memorandum, the Defendant pointed out the disparity between convictions for simple assault-and-battery in the states of this Circuit. The Defendant is not arguing that the mere fact that a predicate offense is treated as a misdemeanor in another state automatically creates a sentencing disparity. Rather the unusual potential punishment of 2.5 years in jail for a simple assault-and-battery based on an antiquated Massachusetts statute creates the disparity.

This Court does not even need to reach the *Booker* issue since a guidelines departure is clearly warranted under the circumstances. However, Booker provides additional support for a lower sentence, and the Court may depart based on the ample

grounds set forth in the Defendant's Sentencing Memorandum, which was previously filed with this Court.

### III. The Sentencing Commission's definition of "felony" is inconsistent with the statutory definition, and the rule of lenity supports a departure.

There is no question that the statutory definition of the term "felony" is inconsistent with the definition found in the federal sentencing guidelines.[4] In fact, this disparity suggests that the sentencing commission exceeded the instruction from Congress on career offenders by ignoring the existing statutory definition.

The rule of lenity provides that "where there is ambiguity in a criminal statute, doubt are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348 (1971). The rule of lenity applies to the interpretation of the sentencing guidelines in the same manner it applies to the interpretation of criminal statutes. *United States v. Bowen*, 127 F.3d 9, 13 (1st Cir. 1997). Accordingly, this Court should resolve this conflict in definitions in favor of the Defendant, and should accept the Sentencing Commission's

---

[4] The sentencing guidelines provide:

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.

§ 4B1.2, Commentary.

The ambiguities posed by the differing statutory and guideline definitions is reflected in 18 U.S.C. 921(20), which provides, in part, that:

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

invitation to depart under § 4A1.1 based on the unusual sentencing scheme for misdemeanors in the Commonwealth of Massachusetts.

    DATED at Portland, Maine this 21st day of July, 2006

                                  /s/ Thomas S. Marjerison
                                  Thomas S. Marjerison~ Bar No. 7836
                                  Attorney for Defendant

Norman, Hanson & DeTroy, LLC
P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000

## Certificate of Service

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished to AUSA Helene Kazanjian on this 21st day of July, 2006.

                                  /s/ Thomas S. Marjerison
                                    Thomas S. Marjerison~ Bar No. 7836
                                    Attorney for Defendant