UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSE DURAN, | ) | |
| | ) | |
| Movant | ) | |
| v. | ) | 2:03-cr-00113-DBH |
| | ) | 2:12-cv-00201-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In 2004, Jose Duran pleaded guilty to distributing 100 grams of heroin and was sentenced as a career offender to 262 months in prison.  Unlike many criminal defendants whose appeals following pleas of guilty are quickly denied, Duran managed to mount two successful appeals.  His sentence was reduced first to 235 months, and then to 144 months.  See United States v. Duran, 162 Fed. App'x 8 (1st Cir. 2006) (per curiam) (Duran I); United States v. Duran, No. 06-2301 (1st Cir. Nov. 4, 2008) (Duran II)  Following the second remand, an amended judgment issued on February 11, 2009.  Nothing further happened in the case until June 22, 2012, when Duran filed in this court a pleading entitled "Motion under 28 U.S.C. § 2241, Seeking a Writ of Habeas Corpus or, in the alternative, Motion under 28 U.S.C. § 2255(f)(3) & (f)(4)."  I now recommend that the court deny the motion.

**Background**

Jose Duran suffered from a severe heroin addiction which led him to sell drugs as a means of supplying his habit.  It also apparently led to a life of crime resulting in Duran's status as a career offender by the time of his 2004 sentencing and at least one prior felony drug

conviction, resulting in a ten-year mandatory minimum sentence.  Following some preliminary objections over a discrepancy between the offenses charged in the 21 U.S.C. § 851 information charging prior convictions and the results of the presentence investigation, the court relied upon a 1995 Lawrence, Massachusetts conviction for assault and battery (PSI ¶ 25) and 1997 Massachusetts convictions for trafficking in cocaine and heroin (PSI ¶ 27) in determining Duran's status as a career offender.  That status, coupled with Duran's remaining criminal history and other guidelines calculations, led to a guidelines-driven sentence of 262 to 327 months in prison, well above the ten-year mandatory minimum sentence.  The court sentenced Duran to the minimum guidelines term of 262 months.

During the pendency of Duran's first appeal, the United States Supreme Court decided Booker v. United States, 543 U.S. 220 (2005).  Duran had preserved a claim under Booker by timely challenging the constitutionality of mandatory guidelines.  The appellate court concluded the sentencing judge had possibly treated the guidelines as mandatory and been constrained in terms of his 18 U.S.C. § 3553 analysis.   Duran I, 162 Fed. App'x at 11-12.  The case was remanded for resentencing.

The court sentenced Duran to 235 months in prison after concluding that his criminal history category over-represented the seriousness of his criminal history.  Duran took a second appeal, this time attempting to more vigorously attack the validity of the use of the Massachusetts assault and battery conviction as a career offender predicate offense.  (See Duran's pro se brief, ECF No. 123-1, added to the record without objection).  Duran's second appeal was stayed for a period of time while the appeals court decided a petition for en banc hearing in United States v. Holloway, 499 F.3d 114 (1st Cir. 2007) (Holloway I).  The court of appeals determined in the context of that case that a defendant's prior convictions under

Massachusetts law for assault and battery constituted violent felony convictions for purposes of the Armed Career Criminal Act, resulting in their rejection of the arguments Duran hoped would carry the day for him.  Fortunately for Duran, however, all was not yet lost for him.

While Duran's second appeal was pending the United States Supreme Court decided <u>Gall v. United States</u>, 552 U.S. 38 (2007), which clarified that sentencing courts had discretion to deviate from the now advisory guidelines, including those guidelines relating to career offenders. With the agreement of both parties, the Court of Appeals remanded the case for the district court to once again reconsider its sentence in light of the newly clarified sentencing discretion. Following a third sentencing hearing on February 11, 2009, the court imposed a sentence of 144 months.  Duran took no further appeals nor filed any further motions until June 22, 2012, when he filed this motion.

That is not to say that the legal landscape remained static.  In 2010 and 2011 two cases were decided that could have had a huge potential impact on Duran's case.  The United States Supreme Court determined in the case of <u>Johnson v. United States</u>, 559 U.S. 133 (2010), that a defendant's prior battery conviction under Florida law was not a "violent felony" under the Armed Career Criminal Act.  Then in <u>United States v. Holloway</u>, 630 F.3d 252 (1st Cir. 2011) (<u>Holloway II</u>), the First Circuit Court of Appeals concluded that <u>Johnson</u> cast sufficient doubt on its prior holdings regarding the Massachusetts assault and battery statute to require the court to revisit and abandon its prior rulings regarding "violent felony" under the ACCA.  Additionally, in a footnote of particular significance to Duran's case, the court observed that a predicate conviction, "crime of violence" under the career offender provision of the United States Sentencing Guidelines, and "violent felony" under the ACCA, are nearly identical in meaning and "decisions construing one term inform the construction of the other."  <u>Holloway II</u>, 630 F.3d

at 254, n.1(quoting <u>United States v. Willings</u>, 588 F.3d 56, 58 (1st Cir. 2009)).  The Court of

Appeals issued its <u>Holloway II</u> opinion on January 21, 2011.

**Discussion**

Duran essentially raises one ground in his § 2255 petition.  He alleges that the

<u>Johnson</u>/<u>Holloway II</u> opinions establish that his 1995 Massachusetts assault and battery

conviction should not have been used to enhance his sentence as a career offender under the

United States Sentencing Guidelines.  He maintains that those decisions have been made

retroactively applicable to his case on collateral review and that his petition is timely filed

because the court should apply the doctrine of equitable tolling to excuse any tardiness in the

filing of the petition.  According to Duran, the one-year statute of limitation under 28 U.S.C. §

2255(f)(3) began to run when his claim became "ripe" following the ruling in <u>Holloway II</u>.

Although Duran never explains why the seventeen months between the January 21, 2011,

decision in <u>Holloway II</u> and the June 22, 2012, filing of this petition meets the one-year statute of

limitation, he does offer § 2255(f)(4) and 28 U.S.C. § 2241 as alternative provisions under which

the motion is filed.  He also purports to invoke the doctrine of equitable tolling to excuse his late

filing.

The United States offers five arguments as to why this petition should be summarily

dismissed.  (Answer at 14, ECF No. 119.)  Two of the arguments relate to procedural bars that

would foreclose litigating the issues related to the career offender adjudication, because that

argument has been adversely decided twice already in the context of the earlier appeals and

because even if the assault and battery conviction does not count, Duran waived any argument

regarding a marijuana conviction, and thus would qualify as a career offender in any event.

Applying such procedural bars in this case seems to me unduly harsh, since Duran fought the

4

career offender adjudication in his first appeal and lost and the "law of the case" barred further challenges. It is certainly true that with rare exceptions, e.g., Davis v. United States, 417 U.S. 333 (1974), § 2255 may not be used to relitigate matters decided on direct appeal, United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990). The issue here is whether this case and its retroactivity claim should fall within one of those rare exceptions. Second, the marijuana conviction *was* initially challenged, but neither the sentencing court, the presentence report, nor the appeals court found any need to develop the issue. Essentially they all deemed the marijuana conviction irrelevant, and again it seems unduly harsh to conclude that counsel's failure to pursue a nonissue in the case should be deemed a knowing waiver or a forfeiture of the argument. I do not reach these issues related to procedural bars arising from the prior litigation because the other three arguments raised by the Government preclude any relief for Duran.

***The petition is not timely***

When a petitioner files a motion attempting to mount a collateral challenge to a criminal conviction or sentence, the label he attaches to his pleading does not control. Hence Duran's attempt to classify the petition as one brought pursuant to 28 U.S.C. § 2241 is unavailing. Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) ("[C]ourts regularly have recharacterized imaginatively captioned petitions to reflect that they derive their essence from section 2255 and, thus, must satisfy that section's gatekeeping provisions.") (collecting cases, including Jiminian v. Nash, 245 F.3d 144, 149 (2d Cir. 2001) (recharacterizing a self-styled § 2241 petition)). Generally § 2241 is used to attack the execution of a sentence, not its imposition. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999). The mere fact that section 2255(f)'s one-year statute of limitation has expired is not a sufficient reason to treat the petition as anything other than a motion to vacate under 28 U.S.C. § 2255.

As to the several dates on which the § 2255(f) statute of limitation might begin to run, obviously Duran's motion would be untimely under § 2255(f)(1).  Under that subsection a motion must be filed within one year of the date on which the judgment of conviction became final.  For Duran, the one-year deadline began to run on February 1, 2009, and this petition was filed more than three years later on June 22, 2012.

Alternatively, Duran captions his petition as brought pursuant to 28 U.S.C. § 2255(f)(3) or (f)(4).  Subsection four indicates that the one-year statute of limitation begins to run when the facts supporting the claim could have been discovered through the exercise of due diligence.  Duran knew the facts supporting this claim at the time of his original conviction and there is no newly discovered evidence upon which he relies.  Thus, subsection four does not assist Duran any more than subsection one.  Duran is relying upon a change in the legal landscape, not newly developed facts.  As for subsection three, which indicated that the limitation clock can commence from the date on which the right asserted was initially recognized by the Supreme Court, the change that Duran points to occurred no later than January 21, 2011, when the First Circuit announced its change of course in Holloway II based on Johnson.[1]  Subsection three cannot make this motion timely because Duran did not file his motion until June 22, 2012.

Duran apparently recognizes that his petition is not timely and he urges the court to apply the doctrine of equitable tolling to his situation.  In Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), the United States Supreme Court held that the AEDPA limitations period may be equitably tolled in the context of a state court habeas petition under 28 U.S.C. § 2254 only if the

---

[1]        Of course, § 2255(f)(3) says a petition may be filed within a year of the date on which the Supreme Court initially recognizes the right in question, not the date on which a court of appeals decides to overturn its precedent based on a Supreme Court opinion.  Because Duran's motion is well outside the one-year limitation period of subsection three, there is no need to consider the question of whether this change in the law was retroactive or whether the one year began when Johnson was announced.  Nor is there any reason to consider subsection two, as Duran does not advance an argument under that subsection and no government-created impediment prevented him from making a motion under section 2255.

petitioner shows that some extraordinary circumstance prevented timely filing and that he pursued his rights with reasonable diligence.   The First Circuit has adopted the same standard in regard to equitable tolling under § 2255(f)'s one-year period of limitation.  Ramos-Martinez v. United States, 638 F.3d 315, 322 (1st Cir. 2011).  However, Duran has presented no factual predicate that would create the extraordinary circumstances necessary to invoke equitable tolling. (Reply at 4-6, ECF No. 122.)   Duran does not introduce any facts that would support equitable tolling.  Rather, he argues his "actual innocence" of career offender status should be what excuses the late filing.  I discuss his claim of "actual innocence" below but note again that, even if that claim were meritorious, Duran is still five months late in filing this petition.

### *There is no binding precedent holding that Johnson/Holloway is retroactively applicable*

The lynchpin of Duran's argument is that the Johnson/Holloway II rationale should be retroactively applicable to his case.  The strongest argument in Duran's favor on this issue is the decision of the Seventh Circuit Court of Appeals in United States v. Narvaez, 674 F.3d 621 (7th Cir. 2011).  That opinion addressed an armed career offender sentence in the context of a 28 U.S.C. § 2255 proceeding and remanded for resentencing without the career offender enhancement.  Id. at 878.  Narvaez dealt with earlier and somewhat analogous Supreme Court precedents, Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009).  Other circuits have come to the opposite conclusion, declining to apply those cases retroactively.  See, e.g., Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011).  The First Circuit has not yet entered the fray.  See Turner v. United States, 699 F.3d 578(1st Cir. 2012)(concluding that a Johnson/Holloway claim was forfeited for failure to raise it before the district court and not reaching the issue of retroactivity).  Another judge of this court has granted a certificate of appealability on this very issue.  Damon v. United States, Nos. 1:08-cr-00157-

7

JAW-3, 1:11-cv-00058-JAW, 2012 WL 6216868, 2012 U.S. Dist. Lexis 176484 (D. Me. 2012)
(Woodcock, C.J.).

All of those cases involved otherwise timely section 2255 motions, in the sense that the
motions were filed either within one year of when the conviction became final or within one year
of the relevant Supreme Court precedent.  Even if there were irrefutable precedent that the
Johnson/HollowayII rationale was retroactive and even if the one-year period of limitation did
not begin to run until the decision in Holloway II, Duran's petition is too late.

***Duran's sentencing claim is not of constitutional or jurisdictional magnitude and the flaw
complained of is neither a change in substantive law nor the basis for a finding of a
miscarriage of justice and thus § 2255 is inapplicable***

Duran's claim of a sentencing error is not a claim based on a constitutional or
jurisdictional defect.  Therefore, Duran's claim is cognizable under section 2255 only if the
claimed error is "a fundamental defect which inherently results in a complete miscarriage of
justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  Hill v.
United States, 368 U.S. 424, 428 (1962).  According to the First Circuit, the Supreme Court has
only found that a nonconstitutional, nonjurisdictional claim justified collateral attack on one
occasion, and that was when a change in the substantive law made defendant's prior conviction
behavior lawful.  Knight v. United States, 37 F.3d 769, 773 (1994) (citing Davis v. United States,
417 U.S. 333, 346 (1974).

Normally questions of guideline interpretation fall far short of the 'miscarriage of justice'
standard.  Sun Bear, 644 F.3d at 704 (collecting cases).  In reality, Duran's claim is nothing more
than a sentencing miscalculation because the court incorrectly determined that he met the
predicates for career offender status based upon the Massachusetts assault and battery
conviction.  Subsequent developments in the law have proven that analysis was incorrect.  None

of the facts have changed since the date of the third sentencing and Duran has certainly not made a showing that he is factually innocent of either the drug conspiracy or the underlying assault and battery conviction.  His argument is that he should not have been sentenced as a career offender because of his "actual innocence" of that status under the Johnson/Holloway II paradigm.  But "actual innocence" under section 2255 means factual innocence of the crime of conviction, not mere legal insufficiency.  Barrett, 178 F.3d at 49 (citing Bousley v. United States, 532 U.S. 614, 623 (1998)).

The reality is that Duran was sentenced under 21 U.S.C. § 841(b)(1)(B), and because it is undisputed that he had at least one prior felony drug conviction, his mandatory minimum sentence was 120 months.  Id.  Leaving aside the disputed marijuana conviction, the drug trafficking charges from Massachusetts involving cocaine and heroin were valid final felony drug convictions admitted by Duran, triggering the ten-year mandatory minimum.  He acknowledges that he faced a ten-year mandatory minimum (Motion to Vacate at 26) and the relief he requests is that his sentence be reduced to the mandatory minimum.  When Duran was resentenced under Booker/Gall the court was keenly aware of the discretion it possessed and chose a sentence of 144 months, well below the then discretionary guideline range for a career offender, but 24 months over the mandatory minimum.  Whether or not Duran was legally a career offender, he had no expectation or right to receive the mandatory minimum sentence given the facts of this case and his prior criminal history.  To argue under these facts that this case represents the sort of "miscarriage of justice" giving rise to relief under section 2255 does not merit further discussion.

**Conclusion**

For the reasons stated above, I recommend that the court deny Duran relief under 28 U.S.C. § 2255, with prejudice, and dismiss his motion.  I further recommend that a certificate of appealability should not issue in the event Duran files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).  Duran's failure to file this petition within the one-year statutory limitation negates any attempt to polish the <u>Johnson</u>/<u>Holloway II</u> claim into a viable certificate of appealability issue, distinguishing this case from the <u>Damon</u> case where a certificate did issue.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 30, 2013                          /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge